Appellate Case: 10-7062     Document: 01018490160     Date Filed: 09/03/2010     Page: 1

FILED
United States Court of Appeals
Tenth Circuit

September 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

DONALD WACKERLY, II,

　　　　Movant.

No. 10-7062
(D.C. No. 01-CV-567-FHS-KEW)
(E.D. Okla.)

---

**ORDER**

---

Before **LUCERO**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

　　Donald Wackerly, II has filed a motion for authorization to file a second or successive 28 U.S.C. § 2254 habeas petition. Because Mr. Wackerly has failed to meet the requisite conditions in 28 U.S.C. § 2244, we deny the motion.

I.

　　In 1998, Mr. Wackerly was convicted by an Oklahoma jury for first degree murder and robbery. He was sentenced to death for the first degree murder count. His conviction and sentence were affirmed on direct appeal. *See Wackerly v. State*, 12 P.3d 1, 19 (Okla. Crim. App. 2000). Mr. Wackerly applied for state post-conviction relief, but his application was denied. Having exhausted his state court remedies, Mr. Wackerly filed a 28 U.S.C. § 2254 habeas petition. The district court denied the petition and this court affirmed the district court's decision. *See Wackerly v. Workman*, 580 F.3d 1171, 1182 (10th Cir. 2009),

*cert. denied*, 130 S. Ct. 3387 (2010). In June of this year, Mr. Wackerly filed a second application for state post-conviction relief. That application was also denied. *See Wackerly v. State*, No. PCD-2010-530, 2010 WL 3025196, at *4 (Okla. Crim. App. July 29, 2010). In August, he filed the instant motion.

## II.

To obtain authorization for his second or successive § 2254 petition, Mr. Wackerly must show that:

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Mr. Wackerly seeks authorization to bring a claim alleging that the State of Oklahoma lacked jurisdiction to try him because the charged offenses occurred on land owned, maintained, and operated by the United States. Mr. Wackerly does not seek authorization based on § 2244(b)(2)(A); he contends instead that he has made a prima facie showing under § 2244(b)(2)(B). He summarily asserts at the beginning of his motion that "[b]ecause of material misrepresentations by the

-2-

State of Oklahoma, the predicate facts supporting this claim could not have been discovered previously through the exercise of due diligence" and "[t]hrough clear and convincing evidence, the facts establish that but for this Constitutional error, Mr. Wackerly would not have been convicted and sentenced to death by a jury in Sequoyah County, Oklahoma." Mot. for Auth. at 2. But he never returns to the first point to explain how the facts supporting his claim "could not have been discovered previously through the exercise of due diligence," § 2244(b)(2)(B)(i). Instead, he focuses solely on the showing required under § 2244(b)(2)(B)(ii); he argues the merits of his jurisdictional claim at length, *see* Mot. for Auth at 6-19, and then contends that his "due process rights were violated as a result of the State of Oklahoma's usurpation of jurisdiction," *id*. at 19. The statute, however, requires a showing on both prongs of § 2244(b)(2)(B). Accordingly, we need not address Mr. Wackerly's argument on the second prong of § 2244(b)(2)(B), if he fails to make an adequate showing on the first prong. *Spitznas v. Boone*, 464 F.3d 1213, 1226 (10th Cir. 2006) ("We need not consider whether Mr. Spitznas meets the second element of [the § 2244(b)(2)(B)] inquiry, since the test is conjunctive and he fails the first element.").

Thus, considering only the motion itself, we would deny authorization based on Mr. Wackerly's failure to provide any support for his conclusory assertion that he could not have previously discovered the factual predicate for his claim. We do not decide the motion on this basis, however, because

Mr. Wackerly's proposed habeas petition includes some argument relating to the discoverability inquiry under § 2244(b)(2)(B)(i). *See* Mot. for Auth., Att. E at 29-34, as does the reply brief he filed in support of authorization. We will therefore address the pertinent contentions Mr. Wackerly raises in his proposed habeas petition and reply brief.[1]

### III.

As a threshold matter, before addressing the statutory requirements for filing a second or successive habeas petition, Mr. Wackerly argues that the jurisdictional nature of his claim exempts it from the authorization requirements altogether. He insists that the omission of this claim from his first petition "does not preclude this Court from considering it, because jurisdiction is not waivable and may always be presented in habeas review." Mot. for Auth., Att. E at 29 (citing to *United States v. Bink*, 74 F. Supp. 603, 610 n.18 (D. Or. 1947)). We do not find the citation to a District of Oregon case from 1947, nearly fifty years before passage of the controlling provisions in § 2244(b), to be especially persuasive. Of course, we do agree that jurisdictional issues can be raised on collateral review. *See*, *e.g.*, *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). But that general proposition does not establish the further point critical to Mr. Wackerly's motion for authorization—that the failure to raise an

---

[1] In the future, we expect the Federal Defender's Office to include all of its arguments in support of authorization in the motion itself.

available jurisdictional claim in a *first* habeas petition does not implicate the statutory constraints applicable to second or successive petitions. Neither the *Bink* case cited by Mr. Wackerly nor the *Cook* case involved a second or successive habeas petition, much less the treatment of such a petition under the relevant provisions added to § 2244 in 1996. And nothing in the unqualified language of those provisions suggests any exemption for jurisdictional claims.

Moreover, this court has previously addressed jurisdictional claims raised in second or successive § 2254 habeas petitions and § 2255 motions and held that they must satisfy the requirements for authorization in § 2244(b) and § 2255(h), respectively. In *Hatch v. Oklahoma*, another death penalty case, Mr. Hatch sought authorization to file a successive § 2254 habeas claim alleging that the information that charged him with felony murder was insufficient to confer subject matter jurisdiction on the state trial court. 92 F.3d 1012, 1014-15 (10th Cir. 1996), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180 (10th Cir. 2001). We explained, however, that "lack of jurisdiction is not an [independently] authorized ground upon which a second or successive habeas petition may be filed under the 1996 Act." *Id*. at 1015; *see also In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (concluding district court correctly treated jurisdictional attack on conviction as successive § 2255 motion). Because the jurisdictional claim did not meet the requirements in § 2244(b)(2), we denied authorization. *Hatch*, 92 F.3d at 1015, 1017; *see also*

*Cline*, 531 F.3d at 1253 (denying authorization for jurisdictional claim in successive § 2255 motion where movant failed to demonstrate that the claim satisfied statutory requirements). Indeed, Mr. Wackerly does not cite a single case holding that jurisdictional challenges to conviction are exempt from the categorical Congressional mandate that claims raised in second or successive habeas petitions must be authorized by a circuit court before they may proceed in district court. Accordingly, we now consider whether Mr. Wackerly has met those requirements here.

### IV.

Mr. Wackerly asserts that the factual basis for his jurisdictional claim was not previously ascertainable through the exercise of due diligence. We disagree. The factual predicate for his claim is that the murder occurred on property owned by the Army Corps of Engineers in and around Lock and Dam Number 14 on the McClellan-Kerr Navigation Channel, which is allegedly within the special maritime and territorial jurisdiction of the United States. But the location of the murder and the possibility that it occurred on property owned or controlled by the Federal Government was information that was known or could have been previously discovered through the exercise of due diligence.

Information about the location of the murder was readily available to Mr. Wackerly and his counsel. Trial counsel visited the crime scene before trial with an investigator from the Oklahoma State Bureau of Investigation (OSBI). In

an affidavit, trial counsel noted that the location of the murder was by the Lock and Dam. At the preliminary hearing, Mr. Wackerly's wife testified about the location of the murder and its proximity to the dam. The OSBI filed investigative reports that described the location of the murder as occurring in a rural location near the Lock and Dam Number 14, and gave Global Positioning Satellite (GPS) coordinates of the location. All of this evidence was available to Mr. Wackerly before he filed his first habeas petition. Based on this same evidence regarding the physical location of the murder, and after visiting the crime scene just as Mr. Wackerly's trial counsel had done, his current counsel was prompted to look further into the matter and formulate the new legal theory about exclusive federal jurisdiction presented in the proposed second or successive habeas petition. Nothing in the materials now submitted by Mr. Wackerly suggests that this new theory could not have been developed and presented long ago, either by trial counsel, appellate counsel, post-conviction counsel, or prior habeas counsel.[2]

Indeed, at certain points Mr. Wackerly actually complains that trial counsel could with due diligence have discovered the factual basis for the jurisdictional claim he now wishes to pursue. In his motion for authorization, he asserts that

---

[2] Mr. Wackerly repeatedly refers to the limited time available to counsel in preparing for his capital trial as bearing on the question of discovery and due diligence. This line of argument misconceives the temporal aspect of the inquiry of § 2244(b)(2)(B)(i), which asks only if the facts underlying the new claim were discoverable by the time a prior habeas petition was filed. *See, e.g.*, *In re Davis*, 565 F.3d 810, 819 (11th Cir. 2009); *Babbitt v. Woodford*, 177 F.3d 744, 746-47 (9th Cir. 1999).

"[t]he challenge to the State's assertion of subject matter jurisdiction *should have been raised in the first instance by trial counsel*. But none of Donald Wackerly's prior counsel challenged the jurisdiction of the State of Oklahoma to prosecute him for this capital offense." Mot. for Auth. at 19 (emphasis added). And the omission is specifically attributed to lack of diligence: "Although trial counsel went to the purported crime scene, *they did not research the issue of jurisdiction*." *Id*. (emphasis added). Moreover, in his second state post-conviction motion, Mr. Wackerly claimed "that prior trial counsel, appellate counsel, post-conviction counsel, and federal habeas counsel were all constitutionally ineffective for not discovering and raising this [jurisdictional] claim." *Wackerly v. State*, No. PCD-2010-530, 2010 WL 3025196, at *1 (Okla. Crim. App. July 29, 2010). While we rely on our independent assessment of diligence and discoverability under § 2244(b)(2)(B) in ruling on the motion for authorization, it is telling that Mr. Wackerly's own complaints about past counsel assume as a premise that his jurisdictional claim was discoverable through professional diligence long ago.

As alluded to at the outset, Mr. Wackerly also attempts to excuse the delay in raising his jurisdictional claim by arguing that "[t]he actions of the State lulled and mislead" him, because the Information "baldly asserted the offenses occurred in Sequoyah County," and "[t]his assertion was unfounded, a fact the charging authority . . . should have known." Mot. for Auth., Att. E at 30-31. He further contends (at odds with his complaints about counsel noted above) that "this is not

a case of dereliction by counsel. There was no advance notice, or open and obvious evidence overlooked by Mr. Wackerly's previous counsel. A careful review of the full context of this case reveals there was no lack of due diligence involved." *Id*. at 33. But Mr. Wackerly has not presented any evidence to show that the State misled him. The State simply asserted that it had jurisdiction to prosecute the offenses in question. That, of course, is asserted, explicitly or implicitly, in every criminal prosecution. To equate the State's allegation or demonstration of jurisdiction–or any other element or condition necessary to prosecution–with the sort of deception that might excuse a delayed challenge on the issue would gut the statutory diligence requirement precisely as to those matters that the defense should be diligently focused on and prepared to contest from the outset of the case. Mr. Wackerly provides no legal authority for this facially untenable position and we squarely reject it.

The location of the murder and the possibility that the location could provide a basis to challenge the State's jurisdiction was information that was known to Mr. Wackerly or could certainly have been discovered before he filed his first habeas petition. Consequently, we cannot authorize Mr. Wackerly to pursue his jurisdictional claim in a second or successive habeas petition, because he has failed to show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," § 2244(b)(2)(B)(i).

Accordingly, we DENY his motion for authorization to file a second or successive § 2254 petition.  This denial of authorization is not appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. 28 U.S.C. § 2244(b)(3)(E).

        Entered for the Court,

        ELISABETH A. SHUMAKER, Clerk